IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CT-3317-FL

| SHANNON DUBLIN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) |  |
| Defendant. | ) |  |

This matter is before the court on defendant's motion to dismiss, or in the alternative, for summary judgment (DE 25), filed pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56. Plaintiff did not respond to the motion. In this posture, the issues raised are ripe for decision.

**BACKGROUND**

On November 28, 2016, plaintiff, a federal inmate proceeding pro se, filed this negligence action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. Plaintiff alleges he was a passenger in a Bureau of Prisons transport van that backed into a concrete post, and that he sustained serious back injuries in the accident. Plaintiff requests compensatory damages and unspecified equitable relief.

On May 10, 2017, the court conducted its frivolity review of plaintiff's complaint and allowed the matter to proceed. Defendant filed answer on August 22, 2017, denying plaintiff's allegations and asserting various affirmative defenses. On September 29, 2017, the court entered case management order governing discovery and dispositive motions practice. Plaintiff did not take

any discovery during the four-month discovery period. On January 24, 2018, plaintiff filed a motion requesting an indefinite stay of all proceedings while he attempted to retain counsel, which the court subsequently denied.

On May 17, 2018, defendant filed the instant motion to dismiss or in the alternative for summary judgment. In support of the motion, defendant filed memorandum of law, statement of material facts, and appendix, which included certain of defendant's written discovery requests and plaintiff's responses.

On May 28, 2018, the court provided plaintiff notice of the instant motion pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The Roseboro notice explained plaintiff's right to respond to the motion, and the deadline for doing so. The notice also provided the following warning:

> Your response must comply for [sic] Rule 56 of the Federal Rules of Civil Procedure . . . . In summary, you cannot rely only on the complaint or other pleadings to defeat a motion for summary judgment, if the defendants properly meet their burden under Rule 56. Instead, you must respond to the motion with affidavits (written statements signed before a notary public and under oath); declarations (written statements bearing a certificate that the statement is signed under penalty of perjury), or other evidence in such a manner so as to persuade the court that a genuine issue of material fact remains to be determined, and that the case should proceed to trial or evidentiary hearing.

(DE 30 at 1). Despite this notice, plaintiff failed to respond to the instant motion.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden

2

of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading" but "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248-49; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmoving party thus "bears the burden of showing, by means of affidavits or other verified evidence, that [a] genuine dispute of material fact exists." Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.      Analysis

Plaintiff brings this negligence action under the FTCA, which provides for a limited waiver of the United States' sovereign immunity for certain torts committed by federal employees. Kerns v. United States, 585 F.3d 187, 194 (4th Cir. 2009); see also FDIC v. Meyer, 510 U.S. 471, 475 (1994). The FTCA provides that the United States is liable for negligent acts of federal employees only to the extent that "a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Therefore, a plaintiff "has an FTCA cause of action against the government only if she would also have a cause of action under state law against a private person in like circumstances." Miller v. United States, 932 F.2d 301, 303 (4th Cir. 1991).

Plaintiff's alleged injury occurred in North Carolina, and thus North Carolina tort law governs plaintiff's claim. 28 U.S.C. § 1346(b)(1); Miller, 932 F.2d at 303. Under North Carolina

3

law, a negligence claim requires proof of "(1) a legal duty; (2) a breach thereof; and (3) injury proximately caused by the breach." Bridges v. Parrish, 366 N.C. 539, 541 (2013) (internal citations omitted).

Defendant argues plaintiff cannot establish the proximate cause element of a negligence claim based on the current record evidence. (Def.'s Mem. (DE 26) at 15). Defendant has met its burden of showing an absence of evidence to support plaintiff's claim, and the burden thus shifts to plaintiff to produce admissible evidence showing a genuine issue for trial on proximate cause. See Celotex Corp., 477 U.S. at 325. And plaintiff has failed to produce such evidence because he did not respond to the instant motion. See Bouchat, 346 F.3d at 522 (party opposing properly supported motion for summary judgment must produce affidavits or other verified evidence showing a genuine dispute of material fact exists); see also United States v. 5443 Suffield Terrace, Skokie, Ill., 607 F.3d 504, 510 (7th Cir. 2010) ("[S]ummary judgment may only be defeated by pointing to admissible evidence in the summary judgment record that creates a genuine issue of material fact, and it was not the district court's job to sift through the record and make [the plaintiff's] case for him."). Accordingly, defendant is entitled to judgment as a matter of law on plaintiff's negligence claim.

## CONCLUSION

Based on the foregoing, the court GRANTS defendant's motion for summary judgment (DE 25). Plaintiff's negligence claim is dismissed with prejudice, and the clerk is DIRECTED to close this case.

SO ORDERED, this the 11th day of February, 2019.

LOUISE W. FLANAGAN
United States District Judge

4